Submitted May 28, 2015, affirmed August 17, 2016

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**JAMES GAIL WRIGHT,**
*Defendant-Appellant.*

Washington County Circuit Court
C122596CR; A154620

381 P3d 944

Rick Knapp, Judge.

Peter Gartlan, Chief Defender, and Daniel C. Bennett, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

**ARMSTRONG, P. J.**

Defendant appeals a judgment of conviction for attempting to elude a police officer, ORS 811.540; driving under the influence of intoxicants (DUII), ORS 813.010; reckless driving, ORS 811.140; and resisting arrest, ORS 162.315, assigning error to the trial court's denial of his suppression motion. An officer driving a marked patrol car followed the car that defendant was driving and saw defendant commit several traffic infractions. The officer activated the overhead lights of his patrol car to initiate a traffic stop. Defendant responded by accelerating away from the officer and, ultimately, by driving his car into a private garage. The officer followed defendant on foot into the garage and arrested him. Defendant subsequently took a breath test that indicated that he had been driving while intoxicated. Defendant brought a pretrial motion to suppress evidence of the breath test and the officer's observations of defendant's behavior after the officer entered the garage, contending that the officer's entry into the garage was unlawful under the Oregon and United States Constitutions because the officer did not have a warrant to enter the garage, and no exception to the warrant requirement applied to authorize the entry. The trial court concluded that the officer was authorized to enter defendant's garage under the exigent-circumstances exception to the warrant requirement. We conclude that the trial court did not err in denying defendant's suppression motion and affirm.

Deputy Sheriff Pastori was in a marked patrol car watching people outside a bar when he saw defendant urinate on a parked car. Ten minutes later, Pastori saw someone driving the car on which defendant had urinated. Pastori began following the car and saw it repeatedly drift over the middle line of the road before suddenly jerking back into its lane of travel. Pastori activated his patrol car's lights to initiate a traffic stop. The driver did not pull over. Instead, the driver accelerated and began traveling at 40 miles per hour in a 25-mile-per-hour zone. Pastori saw the car go over several speed bumps at that speed and make a turn at twice the recommended speed. The driver eventually turned, without signaling, into a driveway that led to the garage of a home.

Pastori parked his patrol car at the entrance to the driveway, got out of his car, and walked toward the other car. He found the car idling in the driveway as the garage door was opening. Pastori knocked on the driver's side window of the car, and defendant, who was in the driver's seat, turned his head and made eye contact with Pastori before looking away. Pastori noticed that defendant's eyes were bloodshot and droopy. Defendant refused to acknowledge Pastori's presence. The garage door reversed direction and started to close but, several seconds later, began opening again. Once the door to the garage was fully open, defendant drove his car into the garage, and Pastori followed him on foot. Defendant closed the garage door after parking the car.

Pastori, the only person in the garage other than defendant, saw defendant moving his hands around the interior of the car. Pastori opened the driver's side door and ordered defendant to get out of the car. Defendant responded by yelling at Pastori that he had no right to be in the garage and by resisting Pastori's efforts to remove him from the car. Pastori ultimately subdued defendant and removed him from the car. Pastori then opened the garage door and saw that, while he had been in the garage with defendant, several other officers had arrived at the garage. Pastori's interaction with defendant inside the garage lasted approximately two minutes. Defendant subsequently agreed to take a breath test, which showed that his blood-alcohol level was 0.17 percent, more than twice the blood-alcohol level for DUII specified in ORS 813.010(1)(a).[1]

The state charged defendant by indictment with attempting to elude a police officer, ORS 811.540; DUII, ORS 813.010; reckless driving, ORS 811.140; and resisting arrest, ORS 162.315. Defendant moved to suppress the evidence obtained after Pastori entered the garage, including the results of defendant's breath test. Defendant contended that, under Article I, section 9, of the Oregon

---

[1] ORS 813.010(1)(a) provides:

"A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)  Has 0.08 percent or more by weight of alcohol in the blood of the person[.]"

Constitution[2] and the Fourth Amendment to the United States Constitution,[3] Pastori's entry into the garage was unlawful because Pastori did not have a warrant authorizing him to enter the garage and no exception to the warrant requirement applied. The state responded that the exigent-circumstances exception to the warrant requirement authorized Pastori to enter the garage because there was probable cause to believe that defendant had attempted to elude an officer and was trying to escape.

The trial court agreed with the state and denied defendant's suppression motion. It reasoned that Pastori's actions were lawful under Article I, section 9, because, when Pastori entered the garage, he had probable cause to believe that defendant had committed the crimes of DUII and attempting to elude a police officer, and Pastori could enter the garage under the exigent-circumstances exception because a delay in apprehending defendant would have increased the risk of an escape.[4] The trial court reasoned further that Pastori's actions were lawful under the hot-pursuit exception to the Fourth Amendment's warrant requirement. The case was tried to a jury, which found defendant guilty of the charged crimes. The trial court entered a judgment of conviction, which defendant appeals.

Defendant renews on appeal his contention that the trial court was required to suppress the evidence obtained as a result of Pastori's entry into defendant's garage because Pastori entered the garage without a warrant, and no exception to the warrant requirement applied. More specifically, he argues that his attempt to escape from Pastori did not

---

[2] Article I, section 9, provides, as relevant, that "[n]o law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure."

[3] The Fourth Amendment provides, as relevant, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."

[4] The trial court further found that the dissipation of the alcohol in defendant's blood created a risk that evidence of DUII—the alcohol in defendant's blood—would be lost unless Pastori entered defendant's garage and seized defendant, establishing an additional exigent circumstance. Given our conclusion that Pastori's actions were lawful on a basis other than an exigency created by the dissipation of alcohol in defendant's blood, we do not consider whether the court erred in denying defendant's suppression motion based on the threatened loss of blood-alcohol evidence.

create an exigent circumstance under either the Oregon or United States Constitutions because Pastori could have set up a police perimeter around the garage and adjoining house and thereby prevented defendant from escaping while Pastori obtained a warrant to enter the premises. The state defends the trial court's ruling.

We begin with defendant's argument under Article I, section 9. Under that provision, an officer's warrantless entry into private premises is *per se* unreasonable unless it is justified by an exception to the warrant requirement. *See, e.g., State v. Baker*, 350 Or 641, 647, 260 P3d 476 (2011). One of those exceptions is the exigent-circumstances exception, which, for purposes of the entry in this case, "requires both probable cause [to believe that defendant has committed a crime] and an exigency." *State v. Snow*, 337 Or 219, 223, 94 P3d 872 (2004). Defendant does not contest that Pastori had probable cause to believe that defendant had committed the crime of attempting to elude a police officer. Therefore, the question reduces to whether exigent circumstances justified Pastori's entry into the garage.

For purposes of Article I, section 9, exigent circumstances are those that "require the police to act swiftly to prevent danger to life or serious damage to property, or to forestall a suspect's escape or the destruction of evidence." *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991). The state contends that Pastori's actions were justified by a need to forestall defendant's escape.

We agree with the state. When Pastori activated his patrol car's lights to initiate a traffic stop, defendant accelerated and attempted to elude Pastori. When Pastori knocked on the window of defendant's car, defendant looked away, drove his car into his garage, and closed the garage door. Additionally, Pastori was the only officer on the property when he followed defendant into the garage. Taken together, those facts support a finding that defendant was intent on escaping from Pastori and that Pastori reasonably believed that he needed to enter the garage to prevent defendant from doing that.

Defendant's arguments to the contrary are unavailing. It is true that, by the time that Pastori had subdued

defendant, other officers had arrived. But there is no evidence that Pastori knew that those officers would arrive in time to prevent defendant's escape. Nor was the state required to establish how defendant might further his effort to escape from Pastori when he arrived at the garage. It suffices that, at the time that Pastori entered the garage, Pastori reasonably believed that defendant intended to elude him and that, for some period of time, Pastori would be the only officer present to prevent defendant from doing that.

We turn to defendant's argument under the Fourth Amendment. Under the Fourth Amendment, police entry into private premises without a warrant to effect a search or a seizure is presumptively unreasonable. *Payton v. New York*, 445 US 573, 586, 100 S Ct 1371, 63 L Ed 2d 639 (1980). That presumption is particularly difficult to overcome when the underlying offense for which there is probable cause to arrest a person is comparatively minor. *See, e.g., Welch v. Wisconsin*, 466 US 740, 750, 104 S Ct 2091, 80 L Ed 2d 732 (1984) (concluding that warrantless entry into house was not justified to arrest defendant for civil traffic offense for which defendant could not be incarcerated). However, the police may lawfully enter a defendant's home without a warrant when there is probable cause to arrest the defendant for a crime and exigent circumstances, such as hot pursuit of the defendant, are present. *Cf. Steagald v. United States*, 451 US 204, 221, 101 S Ct 1642, 68 L Ed 2d 38 (1981) (dictum); *see also Stanton v. Sims*, ___ US ___, 134 S Ct 3, 6, 187 L Ed 2d 341 (2013) ("hot pursuit of a fleeing felon justifies an officer's warrantless entry [into a home]").

For example, the United States Supreme Court concluded in *United States v. Santana*, 427 US 38, 96 S Ct 2406, 49 L Ed 2d 300 (1976), that a warrantless entry into a home was justified under the hot-pursuit exception to the warrant requirement. In *Santana*, officers saw the defendant, who the officers had probable cause to believe had participated in a drug transaction and had evidence of that transaction on her person, in the doorway of her home. The officers were 15 feet from the defendant when they identified themselves as police officers. The defendant responded by entering her home. The officers pursued her into the home through the still-open door and seized her. The officers found evidence in

the home that the defendant possessed drugs and had been involved in a drug transaction, and the government charged her with several drug-related crimes. The defendant sought to suppress the drug evidence on the ground that the officers' entry into her home without a warrant was unlawful under the Fourth Amendment. The trial court granted the defendant's suppression motion, and the government appealed. The Court reversed, holding that the officers' actions were lawful under the exigent-circumstances exception to the warrant requirement because, when an officer has probable cause to believe that a suspect has committed a crime and the officer is in hot pursuit of the suspect, the "suspect may not defeat an arrest [that] has been set in motion in a public place * * * by the expedient of escaping to a private place." *Santana*, 427 US at 43.

Here, the state overcame the presumption under the Fourth Amendment that Pastori's entry into the garage was unreasonable. When Pastori entered the garage, he had probable cause to believe that defendant had committed a felony, attempting to elude an officer, and a misdemeanor, DUII. Furthermore, Pastori was in hot pursuit of defendant, and defendant had manifested an intention to evade Pastori. In light of those facts, we conclude that Pastori's entry into the garage was lawful under the Fourth Amendment. It follows that the trial court did not err in denying defendant's suppression motion.

Affirmed.